# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB,** *Plaintiff* | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **No. 1:25-CV-00539-ADA-DH** |
| **GATTIS DELOACH, ET AL.,** *Defendants* | §<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Wilmington Savings Fund Society, FSB's ("Wilmington") motion for default judgment, Dkt. 28, and all related briefing. After reviewing the motion and the relevant law, the undersigned recommends that the District Judge grant Wilmington's motion.

## I.      BACKGROUND

Wilmington filed this lawsuit in state court seeking judicial foreclosure of a property owned by Defendants Gattis Deloach and Kristy Deloach (the "Deloaches"). Dkt. 1-1, at 7-8. Gattis Deloach entered into a loan for the sum of $123,418, which was secured by a deed of trust in the real property at-issue in this lawsuit. Dkts. 1-1, at 4; 28-1, at 16-31. The deed of trust was assigned to Wilmington. Dkts. 1-1, at 5; 28-1, at 6-7, 66-70. Gattis Deloach defaulted on the loan, the Deloaches failed to remedy the default after notice, and Wilmington elected to accelerate the loan. Dkts. 1-1, at

1

5-6; 28-1, at 7. Through its lawsuit, Wilmington seeks a money judgment against the Deloaches and judicial foreclosure of the Deloaches' property by which the loan was secured, consistent with the consent judgment entered as to the United States of America. Dkts. 1-1, at 6-7; 18; 28, at 7; 28-1, at 8. In its complaint, Wilmington also requested attorneys' fees and costs, as well as prejudgment and post-judgment interest. Dkt. 1-1, at 7-8.[1]

The Deloaches did not appear or otherwise respond to Wilmingtons's complaint. Wilmington moved for, and the clerk entered, default against the Deloaches. Dkts. 21; 22. Wilmington now moves for default judgment, asking this Court to award the relief it seeks in its complaint, including a monetary award and interest as well as an order for judicial foreclosure. Dkt. 28, at 9-10.[2]

## II.    LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because

---

[1] Wilmington also named the United States of America in its complaint as a party that "may claim an interest in the [p]roperty pursuant to a Mortgage Recovery Advance[.]" Dkt. 1-1, at 5. Defendant United States of America moved for, and the undersigned entered, a consent order granting the relief sought by Wilmington against the United States and relieving the United States from any further appearances in this case. Dkts. 16; 18.

[2] Wilmington did not request attorneys' fees and costs in its motion for default judgment. *See* Dkt. 28.

the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Wilmington's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Wilmington's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, Wilmington should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).[3]

### III.   DISCUSSION

### A.   Default judgment is procedurally warranted.

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors support entering a default judgment against the Deloaches. Because the Deloaches have not filed a responsive pleading, there are

---

[3] Wilmington has established that neither of the Deloaches is a minor, incompetent person, or in military service. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931; Dkts. 28, at 8; 28-3.

no material facts in dispute. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). The Deloaches' failure to appear and respond has ground the adversary process to a halt, prejudicing Wilmington's interest in pursuing its claims for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: the Deloaches were properly served and have failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkts. 11; 12; 22; 28. Nothing suggests that the default was caused by a good-faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

### B. Default judgment is substantively warranted.

Default judgment is proper only if the well-pleaded factual allegations in Wilmington's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Wilmington seeks a judgment allowing it to enforce its lien through judicial foreclosure. Dkts. 1-1, at 7-8; 28, at 10. In the context of a lien, the Fifth Circuit has stated that the elements of a judicial foreclosure claim are (1) the existence of a "financial obligation [i.e. a loan]," (2) the existence of a "lien securing it," (3) "a default on the loan," and (4) "the property subject to foreclosure is the same property subject to the lien." *Cisneros v. Christiana Tr., a Div. of Wilmington Sav. Funds Soc'y, FSB*, No. 7:17-CV-00160, 2017 WL 7796348, at *3 (S.D. Tex. June 30, 2017) (citing *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282 (5th Cir. 2017)).[4] Here, Wilmington has established each element of its claim. Wilmington alleged and submitted evidence that the Deloaches have a financial obligation to Wilmington, through a promissory note secured by a lien. Dkts. 1-1, at 4; 28-1, at 4-6, 12-70. Next,

---

[4] Although some courts in this Circuit have found that judicial foreclosure is a remedy, rather than a valid cause of action, the Fifth Circuit has instructed that "judicial foreclosure is its own cause of action under Texas law." *See, e.g.*, *HSBC Bank USA, N.A. v. Soria*, No. CV H-17-2174, 2018 WL 461112, at *3 n.1 (S.D. Tex. Jan. 17, 2018) (finding that plaintiff "failed to plead a valid cause of action" because "judicial foreclosure is a remedy rather than a cause of action"); *but see Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 248 (5th Cir. 2020) ("We have repeatedly recognized a cause of action for judicial foreclosure under Texas Civil Practice and Remedies Code § 16.035(a)." (citing *Ocwen Loan Servicing, LLC v. REOAM, LLC*, 755 F. App'x 354, 354 (5th Cir. 2018); *Justice v. Wells Fargo Bank Nat'l Ass'n*, 674 F. App'x 330, 333 (5th Cir. 2016))).

Wilmington pleaded and attached to its motion evidence that the Deloaches defaulted on that note. Dkts. 1-1, at 5-6; 28-1, at 7, 72-79. Finally, Wilmington presented evidence that the property subject to foreclosure is the same property subject to the lien. Dkts. 28-1, at 5-8, 12-81. Wilmington's factual allegations and the record before the undersigned are enough to raise its right to relief above a speculative level as to its claim for judicial foreclosure. *Wooten*, 788 F.3d at 498. The undersigned thus finds that default judgment is substantively warranted.

### C.    Wilmington is entitled to the relief it seeks in the form of  a money judgment, order for judicial foreclosure, and interest.

Because Wilmington shows it is entitled to default judgment, the Court must determine what form of relief, if any, it should receive. In its motion, Wilmington seeks a money judgment in the outstanding amount owed under the loan, plus post-judgment interest, as well as an order of judicial foreclosure. Dkts. 1-1, at 7-8; 28, at 10-11.[5]

#### 1.    Wilmington is entitled to a money judgment.

Wilmington requests a money judgment against the Deloaches for the outstanding balance due under the loan.  Dkts. 1-1, at 7; 28, at 8. "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2d Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973). Generally, damages should not be awarded by default judgment absent "a hearing or a demonstration by detailed

---

[5] Wilmington did not seek attorneys' fees in its motion for default judgment. *See* Dkt. 28.

affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). A hearing, however, is not necessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.*

Here, the money judgment sought by Wilmington is one capable of mathematical calculation based on the evidence Wilmington presented establishing the amount it is owed under the loan, including interest and late fees. Dkt. 28, at 5; 28-1, at 7-8, 81; *Freeman*, 605 F.2d at 857. Accordingly, the undersigned finds that Wilmington is entitled to a money judgment for $194,792.13.

2.      Wilmington should be granted an order of judicial foreclosure.

As explained above, Wilmington has demonstrated that it is entitled to an order for judicial foreclosure on the Deloaches' property. *See supra* Part III.B. Wilmington is thus entitled to foreclose on the real property located at 103 Bluejay Cove, Hutto Texas 78634, which is legally described as: "LOT 8, BLOCK 'B', OF CLARKS CROSSING SECTION THREE, A SUBDIVISION IN WILLIAMSON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET Q, SLIDE(S) 103-104, PLAT RECORDS OF WILLIAMSON COUNTY, TEXAS." Dkts. 1-1, at 4; 28, at 10. The undersigned thus finds that judicial foreclosure and an order of sale are warranted. The foreclosure shall proceed in accordance with the promissory note, security instrument, and the Texas Property Code applicable to judicial foreclosures.

3.   Wilmington should receive pre- and post-judgment interest.

The undersigned recommends awarding Wilmington pre-judgment and post-judgment interest. Wilmington requests interest allowed under the loan agreement. Dkts. 1-1, at 7; 28, at 5; 28-1, at 8, 13, 81. Under the agreement, Wilmington is entitled to a contractual yearly rate of 4.000% interest on the unpaid principal. *See* Dkt. 28-1, at 81;   *Main St. Bank v. Unisen, Inc.*, No. CV H-06-3776, 2008 WL 11483415, at *8 (S.D. Tex. Feb. 15, 2008) ("On a breach of contract claim, any award of prejudgment interest is governed by common law and may be set by the contract." (citing *Adams v. H&H Meat Prods., Inc.*, 41 S.W.3d 762, 780 (Tex. App.—Corpus Christi 2001, no pet.)). In addition, Wilmington presented evidence establishing the amount of pre-judgment interest owed under the loan as of the time it filed its motion for default judgment. Dkt. 28-1, at 8, 81.

Federal law applies to the award of post-judgment interest. *See Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citing *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989)). In particular, federal law provides that "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, Wilmington should receive post-judgment interest on the entire amount of the final judgment as calculated under § 1961.

## IV.   RECOMMENDATION

In accordance with the above discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Wilmington's motion for default judgment against

the Deloaches, Dkt. 28. Specifically, the undersigned **RECOMMENDS** that the District Judge enter default judgment against the Deloaches and issue the following judgment:

1. Wilmington is awarded a money judgment for $194,792.13, plus post-judgment interest;

2. Wilmington is granted an order or judicial foreclosure against the real property located at 103 Bluejay Cove, Hutto Texas 78634, which is legally described as: LOT 8, BLOCK "B", OF CLARKS CROSSING SECTION THREE, A SUBDIVISION IN WILLIAMSON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET Q, SLIDE(S) 103-104, PLAT RECORDS OF WILLIAMSON COUNTY, TEXAS; and

3. The Court will retain jurisdiction to enforce this judgment and resolve any post-judgment matters.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and,

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 12, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE